UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KENT CHARUGUNDLA and MARGUERITE CHARUGUNDLA,<br><br>      Plaintiffs,<br><br>-against-<br><br>THOMAS E. LASALA; CLAUDIO CALADO; BERNAR BEKIROV; JESSICA XIAOQING MA; MARTY KOFFMAN; MICHAEL B. FIRST, M.D.; MICHAEL NIEMTZOW; and THE MONARCH CONDOMINIUM,<br><br>      Defendants. | Case No. 1:25-cv-02314-AS<br><br>**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO REMAND** |

Plaintiffs' motion to remand is DENIED. First, as to the rule of unanimity, all defendants consented to removal per the stipulation at Dkt. 4-1. That defendants' counsel rather than defendants themselves signed this stipulation is immaterial, as plaintiffs' own citations make clear. *See Codapro Corp. v. Wilson*, 997 F. Supp. 322, 325 (E.D.N.Y. 1998) ("There must be some timely filed written indication from each defendant, or some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action." (cleaned up)). Second, that certain papers weren't included in the notice of removal—namely, affidavits of service and plaintiffs' now-withdrawn motion for default judgment—doesn't warrant remand. As an initial matter, it's not clear that the statute requires inclusion of these documents. "[A]ny failure on Defendants' part to include affidavits of service with the notice of removal does not warrant remand . . . [because] [t]he statute requires only that the notice of removal include 'a copy of all process, pleadings, and orders *served upon*' the defendant." *See Sutraban v. Worsley*, 2023 WL 2742236, at *3 (E.D.N.Y. Mar. 30, 2023) (emphasis added)). But even if defendants did omit required papers, "an omission of state court papers does not constitute a jurisdictional defect necessitating remand and is instead a procedural defect that can be cured in the federal court." *Id.*

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 8.

SO ORDERED.

_[signature]_

Arun Subramanian, U.S.D.J.
Date: April 29, 2025

**TABLE OF CONTENTS**

I.    INTRODUCTION ........................................................................................................... 1

II.   FACTUAL AND PROCEDURAL BACKGROUND. ........................................................ 1

III.  LEGAL STANDARD ..................................................................................................... 3

IV.   ARGUMENT ................................................................................................................ 4

   A.   The Notice of Removal Failed to Include All Filings From the State Court. ............... 4

   B.   Defendant First Failed to Show that All Defendants Who Had Been Served
        Consented to Removal. ............................................................................................ 5

V.    CONCLUSION ............................................................................................................ 7

# TABLE OF AUTHORITIES

**Cases**

Allfour v. Bono, No. CV 11-1619 (JFB)(ARL),
  2011 U.S. Dist. LEXIS 67389 (E.D.N.Y. May 5, 2011) .................................................. 5

Allstate Ins. Co. v. Zhigun, No. 03 CIV. 10302 (SHS),
  2004 WL 187147 (S.D.N.Y. Jan. 30, 2004) ............................................................. 4, 5

Bedminster Fin. Grp., Ltd. v. Umami Sustainable Seafood, Inc., No. 12 Civ. 5557(JPO),
  2013 WL 1234958 (S.D.N.Y. March 26, 2013) ....................................................... 6, 7

Cassara v. Ralston,
  832 F. Supp. 752 (S.D.N.Y. 1993) .......................................................................... 4

Codapro Corp. v. Wilson,
  997 F.Supp. 322 (E.D.N.Y.1998) ................................................................... 3, 5, 6

Cole v. City of New York, No. 19-CV-8376 (JGK),
  2020 WL 3618422 (S.D.N.Y. July 2, 2020) ............................................................. 6

Edelman v. Page,
  535 F. Supp. 2d 290 (D. Conn. 2008) ..................................................................... 6

In re Consol. Welfare Fund "ERISA" Litig., No. 92 CIV. 0424 (LJF),
  1992 WL 212348 (S.D.N.Y. Aug. 21, 1992) ............................................................ 5

In re Methyl Tertiary Butyl Ether ("MTBE") Products Liab. Litig.,
  488 F.3d 112 (2d Cir. 2007) .................................................................................. 3

In re Vill. of Kiryas Joel, N.Y., No. 11 CIV. 8494 ER,
  2012 WL 1059395 (S.D.N.Y. Mar. 29, 2012) .......................................................... 5

New York State Cnty. of Nassau Supreme Ct. v. Powell, No. 18-CV-4079(JFB)(AYS),
  2018 WL 9986665 (E.D.N.Y. Aug. 8, 2018) ......................................................... 3, 4

Payne v. Overhead Door Corp.,
  172 F.Supp.2d 475 (S.D .N.Y.2001) ...................................................................... 3, 5

Pietrangelo v. Alvas Corp.,
  686 F.3d 62 (2d Cir. 2012) .................................................................................... 5

Syngenta Crop Prot., Inc. v. Henson,
  537 U.S. 28, 123 S. Ct. 366, 154 L. Ed. 2d 368 (2002) .......................................... 3, 4

Ulysse v. AAR Aircraft Component Servs.,
  841 F. Supp. 2d 659 (E.D.N.Y. 2012) .................................................................... 3

**Statutes**

28 U.S.C. § 1331 .................................................................................................... 2
28 U.S.C. § 1446 ............................................................................................. passim
28 U.S.C. § 1447 .................................................................................................... 4

Plaintiffs Kent Charugundla and Marguerite Charugundla ("Plaintiffs") file this Memorandum in support of the Motion to Remand the Petition for Removal filed by Defendant Michael B. First ("Defendant First"). In support, Plaintiffs state as follows.

## I. INTRODUCTION

Even with the Court's assistance (ECF No. 3), Defendant First still cannot manage to meet the few, yet abundantly clear, requirements for removal. Defendant First fatally omitted in its Removal Petition: (i) the other defendants' unambiguous and independent consent to removal as required by 28 U.S.C. § 1446(b)(2)(A); and (ii) all copies of the filings in the state court as required by 28 U.S.C. § 1446(a). Given these procedural defects, and as further detailed below, this case must be remanded.

## II. FACTUAL AND PROCEDURAL BACKGROUND.

On January 28, 2025, Plaintiffs filed the Summons (NYSCEF No. 1) and Verified Complaint (NYSCEF No. 2) in the Supreme Court of New York. On February 25, 2025, Plaintiffs filed Affidavits of Service for Defendants Monarch Condominium, Thomas LaSala, Michael Niemtzow, Marty Koffman, Jessica Ma, Bernar Bekirov and Claudio Calado (NYSCEF Nos. 3-9). On March 3, 2025, Plaintiff filed an Affirmation of Service for Defendant First (NYSCEF No. 10).

On March 19, 2025, Plaintiffs filed a Notice of Motion for Default (NYSCEF No. 11), Proposed Order (NYSCEF No. 12), and Supporting Affirmation of Lucas A. Markowitz (NYSCEF No. 13), seeking a default judgment against Defendants Monarch Condominium, Thomas LaSala, Michael Niemtzow, Marty Koffman, Jessica Ma, Bernar Bekirov, and Claudio Calado for their failure to serve any answer or response to the complaint. In support, Plaintiff filed the Summons

and Affidavits of Service (NYSCEF Nos. 14-21), as well as a Request for Judicial Intervention (NYSCEF No. 22).

On March 20, 2025, Defendant First filed the subject Notice of Removal (NYSCEF No. 23), invoking this Court's jurisdiction under 28 U.S.C. § 1331 and seeking to remove the case from state court. That same day, attorneys for the defaulted defendants entered their appearance (NYSCEF Nos. 25 & 26), and counsel for Plaintiff and the defaulted defendants filed a Stipulation Withdrawing the Default and Extending Time to Answer (NYSCEF No. 27).

Defendant First's Notice of Removal (NYSCEF No. 23), filed on March 20, 2025, included a copy of the Summons and Complaint. The Notice of Removal did not include copies of the other process and pleadings that had been served in the state court action, including NYSCEF Nos. 3-22. The Notice of Removal also did not include the written consent to the removal from the other defendants. On March 24, 2025, this Court issued an Order requiring Defendant First "to show cause why this case should not be remanded for failure to comply with the rule of unanimity." (ECF No. 3).

On March 31, 2025, Defendant First submitted a letter to the Court explaining that "[s]ince none of the defendants answered at the time of the removal, the removing defendant [First] had a good faith belief that no consent of the named defendants was required." (ECF No. 4, at 1). With the letter, Defendant First advised the Court that it had "obtained consent to removal of all the remaining defendants." (*Id*.) With the letter, Defendant First filed as an attachment Defendants' Stipulation of Consent of Removal from State Court Pursuant to 28 U.S.C. § 1446. (ECF No. 4-1). Pursuant to that attachment, counsel for the remaining defendants stipulated that Thomas LaSala, Claudio Calado, Bernar Bekirov, Jessica Xiaqing Ma, Marty Koffman, Michael Niemtzow,

2

and the Monarch Condominium consent to removal of the action. (*Id.*). Although Counsel signed the stipulation, Defendants did not.

### III. LEGAL STANDARD

The procedure for removal is outlined in 28 U.S.C. § 1446, which provides:

> A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a). In addition, "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A); see also New York State Cnty. of Nassau Supreme Ct. v. Powell, No. 18-CV-4079(JFB)(AYS), 2018 WL 9986665, at *1 (E.D.N.Y. Aug. 8, 2018).

"There are only a few requirements" for removal. Payne v. Overhead Door Corp., 172 F.Supp.2d 475, 476–77 (S.D .N.Y.2001). But those requirements are clear and are to be "strictly construed." Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32, 123 S. Ct. 366, 369, 154 L. Ed. 2d 368 (2002). Further, "out of respect for the limited jurisdiction of the federal courts and the rights of the states, we must 'resolv[e] any doubts against removability.'" In re Methyl Tertiary Butyl Ether ("MTBE") Products Liab. Litig., 488 F.3d 112, 124 (2d Cir. 2007) (quoting Somlyo v. J. Lu-Rob Enters., Inc., 932 F.2d 1043, 1046 (2d Cir. 1991)). "[T]he burden is on the removing party to prove that it has met the requirements for removal." Ulysse v. AAR Aircraft Component Servs., 841 F. Supp. 2d 659, 666 (E.D.N.Y. 2012) (quoting Codapro Corp. v. Wilson, 991 F. Supp. 322, 325 (E.D.N.Y. 1998)). But what Section 1446 giveth, Section 1447 taketh: "Section 1446 requires a defendant to take certain steps in order to remove an action properly, and section 1447

grants any federal district court presiding over a removed action discretion to remand that action if the statutory prerequisites of section 1446 have not been met." Allstate Ins. Co. v. Zhigun, No. 03 CIV. 10302 (SHS), 2004 WL 187147, at *2 (S.D.N.Y. Jan. 30, 2004).

There are two clear and undeniable defects contained in the Notice of Removal: (i) the absence of the other defendants' unambiguous and independent consent to removal as required by 28 U.S.C. § 1446(b)(2)(A); and (ii) all copies of the filings in the state court as required by 28 U.S.C. § 1446(a). Based on these defects that fail to comply with the removal requirements, the case must be remanded. See 28 U.S.C. § 1446(a)-(b); see also, Zhigun, 2004 WL 187147 (remanding case to state court for failure to comply with the statutory procedural requirements); Cassara v. Ralston, 832 F. Supp. 752, 753-54 (S.D.N.Y. 1993) (holding that 28 U.S.C. § 1447 (c) authorizes a district court to remand actions to state court for defects in removal procedure).

## IV. ARGUMENT

### A. The Notice of Removal Failed to Include All Filings From the State Court.

Notably absent from the Petition for Removal were copies of "all process, pleadings and orders" filed in the State Court case. See 28 U.S.C. § 1446(a) (requiring that a notice of removal be filed along with "a copy of all process, pleadings, and orders served upon such defendant"). Instead, the Notice of Removal only included a copy of the Summons and Complaint. It failed to include the remainder of the state court filings. It is therefore procedurally deficient. See 28 U.S.C. § 1446(a); New York State Cnty. of Nassau Supreme Ct. v. Powell, No. 18-CV-4079(JFB)(AYS), 2018 WL 9986665, at *1 (E.D.N.Y. Aug. 8, 2018) (remanding case for failure to include all copies, explaining "statutory procedures for removal are to be strictly construed") (citing Syngenta Crop. at 32); Allfour v. Bono, No. CV 11-1619 (JFB)(ARL), 2011 U.S. Dist. LEXIS 67389, at *3

4

(E.D.N.Y. May 5, 2011) ("Such a procedural defect, by itself, would authorize *sua sponte* remand.").

## B. Defendant First Failed to Show that All Defendants Who Had Been Served Consented to Removal.

When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action. 28 U.S.C. § 1446(b)(2)(A). In order to meet this requirement, the "removing defendant must present unambiguous written proof that all of the other defendants who had been served in the action consent to removal." Zhigun, at *2 (citing cases). This requirement has been coined the "rule of unanimity and is a precondition to removal." Id. (citing In re Consol. Welfare Fund "ERISA" Litig., No. 92 CIV. 0424 (LJF), 1992 WL 212348, at *2 (S.D.N.Y. Aug. 21, 1992)). It requires that all defendants who did not join in the removal petition, "independently express their consent to removal." Pietrangelo v. Alvas Corp., 686 F.3d 62, 66 (2d Cir. 2012).

In light of the requirement of independent consent, "it is insufficient for a defendant who has not signed the removal petition to merely advise the removing defendant that it consents to removal and that the removing defendant may represent such consent to the Court on its behalf." Codapro Corp. v. Wilson, 997 F.Supp. 322, 326 (E.D.N.Y. 1998) (internal quotation marks and citation omitted). Instead, where, as here, "the removing defendant represents to the Court that the other defendants have consented to removal, the rule of unanimity is not satisfied unless the other defendants either sign the notice of removal or subsequently provide the Court with their unambiguous written consent to removal within the thirty-day period." In re Vill. of Kiryas Joel, N.Y., No. 11 CIV. 8494 ER, 2012 WL 1059395, at *3 (S.D.N.Y. Mar. 29, 2012) (citing Payne at 475-477) ("Even where the removing defendant represents to the Court that the other defendants have consented to removal, the rule of unanimity is not satisfied unless the other defendants either

5

sign the notice of removal or subsequently provide the Court with their unambiguous written consent to removal within the thirty-day period."); see also Bedminster Fin. Grp., Ltd. v. Umami Sustainable Seafood, Inc., No. 12 Civ. 5557(JPO), 2013 WL 1234958, at *6 (S.D.N.Y. March 26, 2013) (noting "well-settled rule that a defendant must either actually join in a notice of removal or independently express to the Court his or her consent to removal within the thirty-day period"). Specifically, "[e]ach [defendant] must independently and unambiguously file notice of [ ] consent and [ ] intent to join in the removal. Codapro Corp. v. Wilson, 997 F. Supp. 322, 325 (E.D.N.Y. 1998) (citations omitted). "Accordingly, there must be some timely filed written indication from each defendant, or some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action." Id. (citations and internal quotations omitted).

Initially, Defendant First failed to include *any* indicia of consent from the other seven defendants in this matter. But even after being given an opportunity to cure this defect, Defendant First has still not met the requirements of the rule of unanimity. The remaining defendants did not sign the removal petition. Nor did each defendant individually and unambiguously submit anything demonstrating their consent. Instead, Defendant First merely submitted a stipulation between counsel and signed by counsel (but noticeably not signed by the defendants) purporting to evidence those defendants' consent, generally. (ECF No. 4-1). This is insufficient. It does not meet the Rule of Unanimity's requirement of "unambiguous written proof" of consent. See Cole v. City of New York, No. 19-CV-8376 (JGK), 2020 WL 3618422, at *3 (S.D.N.Y. July 2, 2020) (citing Edelman v. Page, 535 F. Supp. 2d 290, 295 (D. Conn. 2008) (finding it insufficient that defendants' attorneys exchanged emails expressing consent). Nor does it meet the requirement that each defendant who did not join the notice of removal "independently express consent to

6

removal." <u>Bedminster</u>, 2013 WL 1234958, at *12. Such a failure "constitutes a fatal procedural defect in the removal procedure and warrants a remand of the case." <u>Id.</u>

## V.  CONCLUSION

Plaintiff's Motion to Remand should be granted. Defendant First's Notice of Removal was not properly filed, in that it lacked unanimity and that it failed to include copies of the state court filings. Accordingly, Plaintiff respectfully requests that this Court grant the Motion to Remand and allow the case to proceed in New York State Supreme Court, County of New York.

Dated: April 18, 2025.

Respectfully submitted,

**MITCHELL SANDLER PLLC**

<u>/s/ Lucas A. Markowitz</u>
Lucas A. Markowitz, Esq. (Bar No. 5050679)
2020 K Street NW, Suite 760
Washington, D.C. 20006
(202) 240-7142
lmarkowitz@mitchellsandler.com
*Attorney for Plaintiffs*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was served on all counsel of record through the CM/ECF electronic filing system of the United States District Court for the Southern District of New York on April 18, 2025.

*/s/ Lucas A. Markowitz*
Lucas A. Markowitz, Esq.
