John W. Barker *
Gary W. Patterson, Jr. * ●
Jeffrey R. Nichols * ●
Mamie Stathatos-Fulgieri *
Dylan Braverman *
Kiki Chrisomallides * ●
Scott A. Singer *
Gregg D. Weinstock * ● + ¤
Adam S. Covitt * +
Megan A. Lawless * ●
Ralph Vincent Morales *

Kevin D. Porter *
Susan Vari *
Brian Andrews *
Edward J. Arevalo *
Robert Boccio *
Dawn Bristol *
Conrad A. Chayes, Jr. *
Gilbert H. Choi *
Joshua R. Cohen *
Charles K. Faillace *
Taryn M. Fitzgerald *

Danielle M. Hansen *
Anna Hock *
Thomas Jaffa *
Gemma Kenney * ● +
Douglas Langholz *
Timothy P. Lewis ¤
Jennifer M. Lobaito * ●
Rosemary E. Martinson * ●
Neil Mascolo, Jr. *
Christian McCarthy * ●
Adonaid Medina * ●
Michael Milchan *
Joseph P. Muscarella *
Miles S. Reiner *
Bhalinder L. Rikhye *
Matthew Shindell *  ● Δ
Tammy A. Trees *
Karolina Wiaderna *
Arthur I. Yankowitz * +

Allen Alex †
Cielle Avena ●
Danielle M. Barfield ¤
Zachary Benoit *
Theresa A. Bohm *
Angela R. Bonica * ● +
Kelly Bronner *
Olivia R. Connor ¤
Raymond Farrell * ●
Andrew M. Hansen ● Δ
Lauren P. Ingvoldstad †
Courtney Kennedy *
Rachel McGarry * ● Δ
Jeremy Moldovan * ● Δ
Alexandra Nieto *
Kayla Nieves * ●
Daniel O Connell * ● ¤
Gunjan Persaud * ● Δ
Alesha N. Powell * ● +
Brandon Wong *
Samuel Youssof ● Δ
Alexandra Zerrillo * ● +
Spiridoula Zolotas *

*Of Counsel*
David M. Bierman ¤
Tricia M. Criscito *
Brian DiPentima * ●
Roseann V. Driscoll *
Joseph D. Furlong *
Rani B. Kulkarni *
Nicole E. Martone *
Seema Palmerson *
Bonnie LS. Parente *
Carolyn Rankin *
Nicole C. Salerno * ●
Valerie L. Siragusa *
Gonzalo Suarez *

\* Admitted to Practice in NY
● Admitted to Practice in NJ
\+ Admitted to Practice in CT
Δ Admitted to Practice in PA
¤ Admitted to Practice in FL
† Admission Pending



July 2, 2025

United States District Court
Southern District of New York
Judge Arun Subramanian
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 250
New York, New York 10007

        Re:    Charugundla v. First, M.D.
              Docket No. 25-CV-2314

Dear Judge Subramanian:

    The undersigned represents Defendant Michael B. First, M.D., in the above-referenced matter. We write pursuant to Federal Rule of Civil Procedure 26(c) to request a stay of discovery pending the resolution of Defendants' Motions to Dismiss. Pursuant to Local Rule 37.2, we have conferred with all counsel regarding the within application. Plaintiffs do not consent. Plaintiffs' position is that "discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed." Codefendants consent to the stay. The current deadline to file a proposed case management order is July 10, 2025, and an initial pretrial conference is currently scheduled for July 15, 2025.

## BACKGROUND

    Plaintiffs, (hereinafter "KC" and "MC" respectively) have been residents of the Monarch since April 2000. (Complaint at **¶19**). In August of 2021, KC and MC, on behalf of MC, submitted a formal request to the Monarch Condominium Board for a service dog. **(¶20).** In support of the request, KC and MC submitted a note from Victor Sun, M.D., alleging that MC had a disability, not obvious or visible. (**¶21**) The Condo Defendants retained Defendant Dr. First, a psychiatrist, to evaluate M.C. **(¶24).** KC and MC objected to the independent psychiatrist, maintaining that MC's documentation was sufficient to support their request for reasonable accommodation. **(¶25).**

    The Condo Defendants allegedly engaged in discriminatory practices by requiring MC to undergo an independent psychiatric evaluation. Defendant Dr. First's involvement with Plaintiff MC was limited to his initial retention by the Condo Defendants to assist the Board in deciding whether the ESA applicant

had made the required showing of having a mental disability and that an emotional support dog would alleviate any symptoms of that disability.

MC's request for accommodations was denied on or before September 16, 2021 based on the insufficiency of evidence to confirm MC's claimed disability. Based on the information provided to Dr. First, Dr. First could not conclude that MC had a disability and whether and how an emotional support dog would alleviate the symptoms of the claimed disability. Dr. First did not render any opinions. Dr. First was not involved in any way in Plaintiff MC's application process or the Board's denial of same.

Plaintiffs allege violations of 42 U.S.C Ch. 45 Section 360—Fair Housing Act (hereinafter "FHA"); New York Civil Rights Law Section 47 hereinafter "NYCRL 47"); New York State Human Rights Law Section 296 (hereinafter "NYSHRL 296"); New York City Human Rights Law; Administrative Code 8-101 (hereinafter "City Code 8"), against Thomas E. Lasala, Claudio Calado, Bernar Bekirov, Jessica Xiaoqing Ma, Marty Koffman, Michael Niemtzow and Monarch Condominium (hereinafter "Condo Defendants"). Plaintiff KC did not allege any claims against Defendant Dr. First (the "Defendant Dr. First's Motion"). Plaintiff KC's claims are directed at the Condo Defendants only. Plaintiff MC also alleges that the movant, psychiatrist Defendant Dr. Michael First, aided and abetted the foregoing violations merely because he agreed to serve as an outside expert for the Condo Defendants.

On April 21, 2025, Defendant Dr. Michael First filed a motion to dismiss the complaint pursuant to Rule 12(b)(6) (ECF #12) contending that Plaintiffs' claims are time-barred. Further, a precondition to proving a claim of aiding and abetting is a finding of the underlying discrimination. Dr. First argued that Plaintiffs failed to plead the required elements of discrimination against the Condo Defendants-- that Plaintiff MC was disabled and that the requested accommodation was necessary--which Defendant Dr. First argued was fatal to Plaintiff MC's claim against Defendant First.

Codefendants filed a motion to dismiss on May 5, 2025 (ECF #16). The Condo Defendants argued essentially the same points in their motion.

## DEFENDANT DR. FIRST'S POSITION

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, a court has discretion to stay discovery "for good cause shown." Fed.R.Civ.P. 26(c). Good cause may be shown where a party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the stay. *See Anti-Monopoly, Inc. v. Hasbro, Inc.*, 1996 U.S. Dist. LEXIS 2684, No. 94 Civ. 2120, 1996 WL 101277, at *2 (S.D.N.Y. March 7, 1996) (collecting cases). *Spencer Trask Software & Info. Servs. v. RPost Int'l,* 206 F.R.D. 367, 368. (S.D.N.Y. April 8, 2002). A district court "has considerable discretion to stay discovery" upon a showing of good cause. *Ema Fin., LLC v. Vystar Corp.,* 336 F.R.D. 75, 79 (S.D.N.Y. 2020). In determining whether to grant a stay of discovery pending a motion to dismiss, courts "must look to the particular circumstances and posture of each case," and consider factors including the breadth of discovery, prejudice to the parties, and the strength of a dispositive motion. *Id.* Courts also "take into account the nature and complexity of the action, whether some or all defendants have joined in the request for a stay, and the posture or stage of the litigation." *Shulman v. Becker & Poliakoff, LLP,* 2018 WL 4938808, at *2 (S.D.N.Y. Oct. 11, 2018) (citation omitted).

2

Here, multiple factors weigh heavily in favor of granting a stay. First, Defendants will be prejudiced by having to incur substantial costs associated with discovery at this time. At the conference, the Court would likely set factual discovery deadline within 4 months. The motions may or may not be decided within four months. In addition to paper discovery, the parties will have to conduct at least 10 depositions (2 plaintiffs and 8 defendants) and potentially some nonparty depositions. Additionally, the parties would incur significant expenses to retain experts, conduct the experts' depositions and exchange experts reports. Engaging in costly and time-consuming discovery while the motions are pending does not serve either the plaintiffs or the defendants.

Second, Defendants have set forth strong arguments in the Motion that Plaintiffs' claims are meritless and therefore the motions are potentially dispositive. *See Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002); see also *Gandler v. Nazarov*, 1994 U.S. Dist. LEXIS 17885, No. 94 Civ. 2272, 1994 WL 702004, at *4 (S.D.N.Y. Dec. 14, 1994) (stay of discovery should be granted where motion to dismiss "is potentially dispositive, and appears to be not unfounded in the law."); *Shulman*, supra, 2018 WL 4938808, at *2 (citation omitted). Each of Defendants' arguments for dismissal is "substantial," and taken together they amount to "substantial arguments for dismissal." *Morgan Art Found. Ltd. v. McKenzie,* 2020 WL 6135113, at *2 (S.D.N.Y. Oct. 18, 2020) (citation omitted). Succeeding on certain of the independently dispositive arguments "may warrant dismissal of Plaintiffs' entire complaint." *Boelter v. Hearst Commc'ns, Inc.,* 2016 WL 361554, at *5 (S.D.N.Y. Jan. 28, 2016); see also *Integrated Sys. & Power, Inc. v. Honeywell* Int'l, Inc., 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009) (granting stay where dispositive motion put forth "multiple, independent arguments for dismissal").

Third, there is little risk of undue delay or prejudice to Plaintiffs if the stay is granted at this early juncture in the case. Plaintiffs filed the Complaint on January 28, 2025; Defendants have already filed the dispositive motions. Deferring discovery until all the Defendants' motions to dismiss are resolved will not cause significant delay. *See New York by James v. Pennsylvania Higher Educ. Assistance Agency,* 2020 WL 605944, at *2 (S.D.N.Y. Feb. 7, 2020) (granting stay where "only four months [had] passed" since complaint's filing); *Negrete v. Citibank, N.A.,* 2015 WL 8207466, at *2 (S.D.N.Y. Dec. 7, 2015) (concluding prejudice from stay would be "minimal" where "hearing date for the [dismissal] motion is less than two months away"); *Integrated Sys. & Power, Inc.,* 2009 WL 2777076, at *1 (stay imposed where motion-to-dismiss briefing would be completed in six weeks and stay would thus "delay the commencement of discovery for only a few months").

An interim discovery stay would result in a more efficient resolution of the action in the event the motions are denied.

I thank the Court for its time and attention to this matter.

Sincerely,

*Karolina Wiaderna*
Karolina Wiaderna

cc:   Via Pacer

Mitchell Sandler PLLC
Attorney for Plaintiffs
lmarkowitz@mitchellsandler.com

FOX ROTHSCHILD LLP
Attorneys for Defendants
Thomas E. LaSala, Claudio Calado, Bernar Bekior, Jessica Xiaoqing Ma, Marty Koffman, Michael Niemtzow and The Monarch Condominium
jfuller@foxrothschild.com

The motion is DENIED based on the Court's assessment of the merits of the pending motions. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 32.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: July 7, 2025

4